IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-CV-00080-M-RN

ROBERT JOSEPH MORGAN,

    Plaintiff,

v.

CITY OF RALEIGH, BRITTANY WOODS
HOMEOWNERS ASSOCIATION, INC., and
LAYDEN PEARCE,

    Defendants.

ORDER

    This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II. [DE 51]. After conducting a review of the pending motions, Judge Numbers recommends that the court grant Defendants' Motions to Dismiss [DE 5, 11, 21] and deny Plaintiff's Motion for Injunction [DE 10]. He instructed the parties to file any written objection to the M&R within fourteen days of service. [DE 51 at 15]. On December 5, 2024, thirty-four days after the M&R was filed, Plaintiff filed an objection to the M&R. [DE 50]. This matter is now ripe for consideration.

    A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for

adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

By submitting an objection thirty-four days after the M&R was filed, Plaintiff's objection is not timely, so this court need only review the M&R for clear error. *Diamond*, 416 F.3d at 315. Even if the objection were timely, Plaintiff fails to identify the portion of the M&R to which he objects. The filing claims these proceedings were "unfair," and it reiterates Plaintiff's belief that he brought a valid claim under the Americans with Disabilities Act, but it does not address Judge Numbers' factual findings or discussion of the relevant legal principles. Even under the relaxed pleading standard afforded to pro se litigants, Plaintiff makes only "general and conclusory objections." *See Orpiano*, 687 F.2d at 47. The court accordingly reviews for clear error.

Upon a review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein,

2

Defendants' Motions to Dismiss [DE 5, 11. 21] are GRANTED and Plaintiff's Motion for Injunction [DE 10] is DENIED.

SO ORDERED this 14th day of January, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE